**Dated: April 09, 2010**
**The following is SO ORDERED:**



_____
**Paulette J. Delk**
**UNITED STATES BANKRUPTCY JUDGE**

_____

```
                   UNITED STATES BANKRUPTCY COURT
                   WESTERN DISTRICT OF TENNESSEE


In Re:                                          Chapter 13
TIMOTHY LEWIS GARRISON

Debtor(s)                                       Case No. 10-20456-D
SSN XXX-XX-6499
```

---

Order Confirming Plan

---

   It appearing to the Court that the debtor(s) has filed a plan which has been sent to the scheduled creditors; that at the confirmation hearing it appeared to the Court from statements of the Chapter 13 Trustee, and the entire record herein that the plan as finalized complies with 11 U.S.C.A. §1325(a) and other applicable provisions of Bankruptcy Code; and that the plan should be confirmed;
   IT IS THEREFORE, ORDERED BY THE COURT:

1. That the debtor(s)' plan, which is attached hereto, is confirmed;

2. That the debtor pay into the plan as follows:

Debtor One Employer    SHIPPERS EXPRESS                     $324.00 WEEKLY

If this is different from the originally proposed plan, then the Trustee is ordered to enter a separate order changing payment. Furthermore, the debtor(s)' future earnings shall remain under the exclusive control of this Court. In the event of dismissal, or conversion, funds held by the Trustee shall be paid to creditors unless otherwise ordered by the court.

3. All property shall remain property of the Chapter 13 estate under §§541(a) and 1306(a) and shall revest in the debtor(s) only upon discharge pursuant to §1328(a), dismissal of the case, or specific order of the Court. The debtor(s) shall remain in possession of and in control of all property of the

estate not transferred to the Trustee, and shall be responsible for the protection and preservation of all such property, pending further orders of the Court.

4. An attorney fee is allowed in the amount of $3,000.00. The attorney has receieved $200.00 to be retained.

5. <u>Absent a specific court order otherwise, all claims, other than those specifically provided for above, shall be paid as general unsecured debts</u>. The percentage to be received by unsecured creditors is to be determined by the Trustee after the expiration of the 90 day bar date for the filing of claims; separate order to be entered thereon.

6. Any real estate tax claimants shall be treated as fully secured if the plan proposes to treat them as secured debts. If the debtor(s) surrender(s) any real property during the pendency of this case, the real property will no longer be property of the estate and the automatic stay shall terminate regarding interests of affected real property taxing authorities.

7. The balances of any student loans shall survive discharge if the plan indicates same.

CC: George W. Stevenson                   /s/ George W. Stevenson
CS                                         Chapter 13 Trustee
    JIMMY MCELROY, ATTY.
    3780 S. MENDENHALL, #202
    MEMPHIS, TN  38115

CHAPTER 13 PLAN (INDIVIDUAL ADJUSTMENT OF DEBTS)

```
DEBTOR(S)      : TIMOTHY LEWIS GARRISON            SSN XXX-XX-6499
BK NUMBER      : 10-20456-D
                 4208 BRENMAR DRIVE
                 MEMPHIS, TN  38122

PLAN PAYMENT   :(DEBTOR 1)      $324.00   WEEKLY        - Payroll Deducti

EMPLOYER(S)    : SHIPPERS EXPRESS
                 1651 KERR DRIVE
                 JACKSON, MS  39204
```

ADMINISTRATIVE   Pay filing fee, Trustee fee, and debtor's attorney fee

```
                                                              MONTHLY
                                                              PLAN PYMT
```

AUTO INSURANCE:
    AUTO INSURANCE NOT INCLUDED

PRIORITY CREDITORS

  STATE OF ARKANSAS                                                $79.00

HOME MORTGAGE: If no arrearage, ongoing payments are to be paid directly by the debtor(s)

```
  GMAC MORTGAGE CORP         ongoing pmt. begin    04/01/2010    $960.00
     Approx. arrearage    $13,440.00    Interest    0.00%        $224.00
```

REAL ESTATE TAXES

```
  CITY OF MEMPHIS TREASURER              $713.70   12.00%         $17.00
  [Transferred From General Unsecured To Secured]
```

UNSECURED CREDITORS:   <u>Absent a specific court order otherwise, all claims, other than those specifically provided for above, shall be  paid as general unsecured debts</u>.  The percentage to be received by unsecured creditors is to be determined by the Trustee upon the expiration of the 90 day bar date for the filing of claims; separate order to be entered.

```
    CENTRAL FINANCIAL                 $636.00
    CBUSASEARS                        $747.00
    CONSOLIDATED RECOVERY SYSTEMS   $5,219.00
    REVENUE RECOVERY CORP             $752.00
    ROUNDUP FUNDING                $14,541.28
    [Add]

    CAPITAL ONE BANK USA NA         $2,084.38
    [Add]
```

TERMINATION: Plan shall terminate upon payment of the above, approximately  60 months.